Filed 7/9/26; certified for publication 8/4/26 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, a California Reciprocal Insurance Exchange, | E087128 |
| Petitioner, | (Super.Ct.Nos. CIVSB2133313 & CIVSB2323516) |
| v. | OPINION |
| THE SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO, | |
| Respondent, | |
| KATHLEEN ANN WOOD, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Donald R. Alvarez, Judge. Petition granted.

Berger Kahn, David B. Ezra and Jarrick S. Goldhamer, for Petitioner.

No appearance for Respondent.

Alderson Law Firm and James Alderson, for Real Party in Interest.

1

Doyle Archer was insured by petitioner Farmers Insurance Exchange (Farmers) when he rear-ended real party in interest Kathleen Ann Wood. Prior to litigation, Wood sent Farmers a policy limit settlement offer that Farmers accepted within the time and in the manner required; Farmers also sent a copy of the requested declarations page. Wood refused to execute the settlement documents and initiated this action. Separately, Farmers sued Wood for breach of contract, declaratory relief, and specific performance based on its acceptance of Wood's settlement offer. The cases were consolidated.

On May 28, 2025, Farmers moved for summary judgment/adjudication on its claim of declaratory relief. Respondent trial court denied the motion, and Farmers sought writ relief. We ordered the parties to show cause why the relief prayed for should not be granted. Concluding Farmers is entitled to summary adjudication, we grant its petition.

## I. PROCEDURAL BACKGROUND AND FACTS

On January 5, 2021, Archer rear-ended Wood while at a red stop light in Hesperia, pushing her car into another vehicle. At the time of the collision, Archer was insured with Farmers; his automobile policy's bodily injury liability provides $15,000.00 each person/$30,000.00 each accident. Thus, the maximum available policy limit for Wood's injuries is $15,000.00.

On July 30, 2021, Wood's attorney, James Alderson, sent to Farmers a letter offering to settle Wood's personal injury claim against Archer for the "total available policy limit of $100,000, or less," if the offer was accepted in writing no later than 4:00 p.m. on August 30, 2021, and Farmers provided a copy of the declaration confirming

2

the available policy limits.  The letter further states, "*If this demand exceeds the policy, then we hereby make a policy limit demand*."

On August 25, 2021, Farmers sent a letter accepting Wood's offer to resolve her personal injury claim against Archer for the policy limits of $15,000.00.  Farmers complied with all conditions set forth in Wood's letter by (1) agreeing to pay the maximum policy limits available to her ($15,000.00), and (2) providing the declaration pages that confirmed the available policy limit.  Farmer's letter provides:  "As discussed, we are going to pay Kathleen Wood our single limit available $15,000 for her injuries and the remaining $15,000 will be distributed amongst [other passengers involved in the collision]."

After Farmers timely accepted Wood's demand, by agreeing to pay the full "each person" policy limit and providing the policy's declaration pages confirming the $15,000.00 policy limit, Wood submitted, and Archer completed, an asset declaration indicating he owned one vehicle and had $5,000 in the bank.  However, an assets check identified other assets owned by Archer.  In response, Wood refused to complete the prelitigation settlement documentation and on November 29, 2021, initiated this action against Archer (San Bernardino County Superior Court case No. CIVSB2133313).  When Farmers' meet and confer letter to enforce the settlement went unanswered, it sued Wood for breach of contract, declaratory relief, and specific performance (San Bernardino County Superior Court case No. CIVSB2323516); the cases were consolidated.

On May 28, 2025, Farmers moved for summary judgment/adjudication on its declaratory relief cause of action, asserting it had "performed all terms of the written

3

offer to compromise, exactly as they were communicated to Farmers, and a binding agreement was formed, which resolved the claim by . . . Wood against . . . Archer." The trial court denied the motion, and Farmers filed this petition for writ of mandate.

## II. DISCUSSION

We ordered the parties to show cause why we should not grant Farmers relief on its claim for declaratory relief. Our only question is whether Farmer's August 25, 2021, acceptance of Wood's policy limits demand letter created a binding agreement to settle her bodily injury claim against Archer.

### A. Standard of Review

"Where a plaintiff produces evidence to establish each element of a cause of action, summary judgment is appropriate unless a triable issue is shown regarding any of those elements. [Citation.] A triable issue means a reasonable trier of fact could find for the nonmoving party on the element. [Citation.]" (*CSAA Ins. Exchange v. Hodroj* (2021) 72 Cal.App.5th 272, 275-276 (*Hodroj*).) "'Summary adjudication works the same way as summary judgment, "except it acts on specific causes of action or affirmative defenses, rather than on the entire complaint."' [Citation.] "'A summary adjudication is properly granted only if a motion therefor completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty."' [Citations.]

"'A party challenging denial of summary judgment [or summary adjudication] may do so by writ petition.' [Citations.] "'Where the trial court's denial of a motion for summary judgment [or summary adjudication] will result in trial on nonactionable claims, a writ of mandate will issue."' [Citation.] We review the trial court's decision de

novo, determining independently whether the undisputed material facts support summary adjudication. [Citations.]" (*Rancho Cucamonga Central School Dist. v. Superior Court* (2025) 116 Cal.App.5th 718, 721.)

*B. Analysis*

Farmers contends the trial court erred in denying its request for summary judgment/adjudication on its claim for declaratory relief.

""""A settlement agreement is a contract, and the legal principles [that] apply to contracts generally apply to settlement contracts." [Citation.]'" (*J.B.B. Investment Partners Ltd. v. Fair* (2019) 37 Cal.App.5th 1, 9.) A contract is formed when the parties mutually consent to lawful terms. (Civ. Code, §§ 1550, 1580.) "'Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror.' [Citation.] 'If there is no evidence establishing a manifestation of assent to the "same thing" by both parties, then there is no mutual consent to contract and no contract formation.' [Citation.]" (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 243.) ""'The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. [Citation.]""" (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 789.) "It is enough that a reasonable person would understand that the parties consented to the contract and consented to the same terms in the same sense." (*Beard v. Goodrich* (2003) 110 Cal.App.4th 1031, 1040.)

The undisputed evidence demonstrates that: (1) Wood was represented by counsel; (2) Archer was represented by Farmers; (3) Wood is pursuing a claim for her

5

bodily injuries arising out of the car accident; (4) on July 30, 2021, Wood's counsel mailed an offer to Farmers for the total available policy limit of $100,000, or less/policy limits, in settlement of her claim against Archer; (5) on August 25, 2021, Farmers mailed Wood's counsel a letter tendering its global policy limits of $30,000 (with no one person receiving more than $15,000) and providing the documents requested by Wood's counsel. These communications evidence the parties' agreement that Farmers would pay Wood $15,000 (its policy limits) in exchange for a full settlement of her bodily injury claim.

Wood argues that a settlement agreement was not formed on August 25, 2021, because Farmers' alleged acceptance of her counsel's July 30, 2021, demand letter of $100,000.00 was actually a counteroffer for its policy limit of $15,000.00. We disagree. Wood's demand letter constitutes evidence of an offer to settle her personal injury claim against Archer for insurance policy limits, contingent upon written acceptance, no later than "**4:00 P.M. on 08/30/2021**," and the delivery of a copy of the declaration confirming the available policy limits. Wood's assertion that her settlement offer was for $100,000.00 only misrepresents the terms set forth in her counsel's letter that demanded the "policy limit" if the $100,000 exceeds the policy.[1] The offer was accepted by Farmers' August 25, 2021, written response that tendered its policy limit and included a

---

[1] ". . . At this time, and for the time limit set forth in this letter only, my client is willing to waive any claim against your client in excess of the available policy limits, providing the following conditions are met:

"1) That the total available policy limit of $100,000, *or less*, is offered to my client within the time limit set forth in this letter;

"2) A copy of the declaration confirming the available policy limits.

"*If this demand exceeds the policy, then we hereby make a policy limit demand.*"

copy of the policy's declaration. (*Hodroj*, *supra*, 72 Cal.App.5th at p. 276 ["If the parties do not agree on the content of the formal writing (for example because one party wants to include something not agreed on in the first place, as Hodroj says happened here), the proposed writing is not a counteroffer; rather, the initial agreement remains binding and a rejected writing is a nullity. [Citations.]"].)

Notwithstanding the above, Wood argues if there was a contract, then Archer's assets declaration changed the terms, which he breached by failing to identify all of his assets,[2] thus giving Wood "the right to rescind and pursue remedies in court as outlined in the terms." Again, we disagree. Wood never made her offer contingent upon Archer's assets declaration. Contrary to Wood's assertion, Farmers' inclusion of such declaration did not equate to a novation[3] or unwinding of the settlement. (*Hodroj*, *supra*, 72 Cal.App.5th at p. 276 ["when parties agree on the material terms of a contract with the

---

[2]  The asset declaration, in relevant part, provides:
"11. *I do not have any other assets that would possibly cover the Plaintiff losses from the above-referenced accident in addition to the maximum $15,000 liability coverage that has been tendered to the Plaintiff herein.*
"12. I understand that the Plaintiff and her attorney are relying on all of the representations I have made in this declaration.
"13. I further understand that but-for my above stated representations, the Plaintiff would not accept the maximum $15,000 liability coverage that has been tendered herein. . . . *Should any representation made herein prove to be inaccurate, the Plaintiff has the right to rescind the settlement; and will retain all of their legal rights and remedies under California Law.*"

[3]  A novation is a "new contract which supplants the original agreement and 'completely *extinguishes* the original obligation . . . .' [Citations.]" (*Wells Fargo Bank v. Bank of America* (1995) 32 Cal.App.4th 424, 431.)

7

intention to later reduce it to a formal writing, failure to complete the formal writing does not negate the existence of the initial contract"].)

Since no triable issue of material fact exists regarding whether a binding settlement agreement was created on August 25, 2021, Farmers is entitled to summary adjudication on its second cause of action for declaratory relief.

### III.  DISPOSITION

The petition for writ of mandate is granted.  The trial court is ordered to (1) vacate its order denying Farmers' motion for summary judgment or summary adjudication, and (2) enter a new order granting Farmers' summary adjudication as to its second cause of action.

Farmers is awarded its costs.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)


McKINSTER_____
J.


We concur:


RAMIREZ_____
P. J.


LEE_____
J.


8

Filed 8/4/26

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

**ORDER**

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, a California Reciprocal Insurance Exchange, | E087128 |
| Petitioner, | (Super.Ct.Nos. CIVSB2133313 & CIVSB2323516) |
| v. | |
| THE SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO, | |
| Respondent, | |
| KATHLEEN ANN WOOD, | |
| Real Party in Interest. | |

The court has reviewed the request filed on July 31, 2026, to publish the nonpublished opinion in the above matter filed on July 9, 2026.

We grant the request because the opinion: (1) "Advances a new interpretation, clarification, criticism, or construction of a provision of a constitution, statute, ordinance, or court rule"; (2) "Addresses or creates an apparent conflict in the law"; and (3) "Involves a legal issue of continuing public interest." (Cal. Rules of Court, rule 8.1105(c)(4), (c)(5), and (c)(6).)

1

IT IS SO ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

McKINSTER

J.

We concur:

RAMIREZ

P. J.

LEE

J.